UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANNY AMEN VALENTINE SHABAZZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:23-cv-01604 (UNA) |
| v. ) | |
| ) | |
| CHRIS BRUCE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION

Currently before the Court is plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained herein, the Court will grant plaintiff's IFP application and dismiss the complaint without prejudice.

Plaintiff, a resident of Georgia, sues four individuals, but fails, however, to provide any contact information for any of the defendants, in contravention of D.C. Local Civil Rule 5.1(c)(1). The complaint is then comprised of a tangled mess of assertions and fails to identify any basis for this Court's subject matter jurisdiction. Although plaintiff provides a list of legal authority upon which he seemingly intends to reply, he does not connect this authority to his allegations, nor does he string together enough facts to state a cognizable claim. He alleges that one or more defendants breached an NDA somehow associated with a development in Wilmington, Delaware, the DNC and the 46th Presidential Election. He also contends that one or more defendants installed a "CAT 6 communications wire," an action which was "overlooked" by the Delaware Attorney General, and ultimately somehow resulted in over 20 deaths. He seeks to remove defendants from their corporate positions and demands $57 billion.

*Pro se* litigants must comply with the Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

When, as here, a complaint "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls within this category. As presented, neither the Court nor the defendants can reasonably be expected to identify plaintiff's claims, if any. Nor has plaintiff established any basis for this Court's subject matter jurisdiction.

For this reason, this case will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

_____
TREVOR N. McFADDEN
United States District Judge

Date: July 12, 2023